Willie BIGFORD, Jr.,
Plaintiff–Appellant,

v.

Joe Max TAYLOR, Individually and as
Sheriff of Galveston County, Texas, et
al., Defendants–Appellees.

No. 89–2837
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 23, 1990.

Rehearing and Rehearing En Banc
Denied April 18, 1990.

Beatrice Mladenka–Fowler, Houston, Tex., for plaintiff-appellant.

Scott Lyford, Harvey Bazaman, Asst. Co. Attys., Galveston, Tex., for defendants-appellees.

Before CLARK, Chief Judge, WILLIAMS and DUHÉ, Circuit Judges.

CLARK, Chief Judge:

Willie Bigford, Jr., appeals the district court's adverse judgment in his action brought under 42 U.S.C. § 1983. The court held that Galveston County, Texas sheriff's deputy Kenneth Spoor committed no constitutional tort against Bigford or, alternatively, that Spoor was protected from liability by qualified immunity. Because under the circumstances we find Spoor to be immune, we affirm.

I

The factual background was set out in detail in *Bigford v. Taylor*, 834 F.2d 1213 (5th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 135, 102 L.Ed.2d 108 (1988) (*Bigford II*). Our analysis of those facts in *Bigford II* resulted in a holding that deputies of the Galveston County sheriff lacked probable cause to seize Bigford's pickup truck. *Id.* at 1218–20. After determining that defendants Galveston County, Sheriff Taylor and Deputy Sheriff Chapa could not be held liable, we concluded that "Officer Spoor is the only defendant who *may* be held liable for the illegal seizure." *Id.* at 1220–21. (emphasis supplied). We remanded to the district court "to determine the damages to be assessed against Deputy Spoor, the only defendant liable under Section 1983." *Id.* at 1223.

On remand, the district court interpreted *Bigford II* as expressing some doubt about Deputy Spoor's liability and permitting it to make further factual findings on this issue. The district court found that another officer, Sergeant Cook, made the seizure and that Spoor took no part in making it. Relying on *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), and *Vela v. White*, 703 F.2d 147 (5th Cir. 1983), the district court held in the alternative that Spoor was immune from liability because he was merely following the orders of his superiors. In the further alternative, the district court held that if Spoor were to be held liable, he was responsible for $100 of Bigford's damages and therefore liable for $8,000 in attorney fees under 42 U.S.C. § 1988, and costs in the amount of $1,520.

II

This third time before us, Bigford contends that the district court disregarded the law of the case by finding Spoor not liable. He argues that this court in *Bigford II* expressly held Spoor liable and that the sole issue for the district court on remand was to calculate damages. Bigford further contends that the district court erred in determining that Spoor was qualifiedly immune from liability. Assuming that Spoor was liable, Bigford argues that the district court's finding of only $100 in damages is clearly erroneous, and that the court further erred in determining attorney fees without a hearing. Even if a hearing was not required, Bigford maintains that the district court abused its discretion by

awarding him only $8,000 in attorney fees and $1,502 in costs.

## III

### A

On remand from *Bigford II,* the district court found that Spoor took no part in the seizure of the truck. This finding is inconsistent with our analysis in *Bigford II* and is unsupported by the record. We stated in *Bigford II* that Spoor initiated the investigation of the truck's ownership and with Sergeant Cook inspected the vehicle for indications that the truck was stolen. *Bigford II,* 834 F.2d at 1215. In addition, we observed that Spoor by radio ordered a computer check to determine whether a theft complaint had been lodged for a vehicle with the truck's vehicle identification number (VIN) or license plates. *Id.* We also held that Cook *and* Spoor seized the truck to impound it for further investigation. *Id.* at 1216. In its findings of fact that were under review by this court in *Bigford II* the district court stated that "Deputy Spoor seized the truck and had it towed to a private towing yard." Yet, on remand from *Bigford II* the district court's reexamination of the facts yielded the conclusion that Spoor, like Officer Chapa, was a mere bystander and onlooker as Sergeant Cook seized Bigford's truck. *Bigford II* and the record do not support the district court's new finding that Spoor did not participate in the seizure.

The conflicting finding also implicates the law of the case doctrine. The doctrine generally prevents reexamination of issues of law or fact decided on appeal "either by the district court on remand or by the appellate court itself on a subsequent appeal." *Todd Shipyards Corp. v. Auto Transp., S.A.,* 763 F.2d 745, 750 (5th Cir.1985). Issues may not be reexamined "unless the evidence at a subsequent trial was substantially different, the controlling authority has since made a contrary decision of law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *Schexnider v. McDermott Int'l, Inc.,* 868 F.2d 717, 718–19 (5th Cir.1989). The district court heard no new evidence on remand. Moreover, neither this court nor the Supreme Court has altered the law of warrantless seizures of automobiles in a way relevant to this case since *Bigford II* was decided, and our previous decision works no manifest injustice. The district court ignored the law of the case and therefore erred by redetermining the facts surrounding the seizure of the truck. Spoor cannot escape liability on the basis of the district court's reassessment that he did not participate in that seizure.

### B

The district court held that even if Spoor participated in the seizure he is immune from liability. The court took the position that although Captain Lease and Sergeant Cook could have been held liable because they ordered the illegal search, Spoor has immunity because he merely followed the orders of his superiors. We agree that Spoor is immune from liability but not for the reasons cited by the district court.

In *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), the Supreme Court reaffirmed the notion that "whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action ... assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Id.,* 107 S.Ct. at 3038 (citations omitted). For the legal rules to be considered "clearly established," the "contours" of the right alleged to have been violated "must be sufficiently clear that a reasonable official would understand that what he is doing violates the right"; that is, "in the light of preexisting law the unlawfulness must be apparent." *Id.* at 3039. In the context of a warrantless seizure made without probable cause the relevant question is whether a reasonable officer *could have believed* the warrantless search to be lawful, in light of clearly established law and the information the searching officers possessed. *Id.* at 3040. Thus, the conclusion that a warrantless seizure was "objectively

legally unreasonable" for purposes of determining whether the seizing officer is protected by qualified immunity does not follow inflexibly from the determination that a warrantless seizure was not supported by probable cause. *Id.* at 3039; *see also id.* at 3040–41 (reasonableness component of probable cause not equivalent to "objective legal reasonableness" requirement for qualified immunity).

▪ Applying these principles to the seizure of Bigford's truck, we conclude that a reasonable officer in Spoor's position could have believed the seizure of Bigford's truck to be lawful. The right at issue may be stated as Bigford's right to be free from governmental seizure of his truck absent sufficient indications that the truck was stolen, i.e., absent probable cause. The contours of this right are blurry when applied to the facts of this case. When the officers decided to seize the truck, they knew (1) the federal inspection sticker was missing; (2) the rivets securing the plate bearing the VIN appeared to have been tampered with; (3) no vehicle with the truck's license plates or VIN had been reported stolen; (4) the VIN seemed not to be stamped in the customary location on the engine. *Bigford II*, 834 F.2d at 1215–16. In *Bigford II* we determined after a very detailed analysis that these facts did not support a finding of probable cause. The district court had earlier determined that they did. The fact situation is too close to say that these conflicting indications could not have led a reasonable officer to believe there was probable cause to seize the truck for further investigation. Here, where impartial judges have disagreed, the contours of Bigford's right can hardly be said to be clear.

▪ Bigford argues that in *Bigford II* we expressly or by implication resolved the qualified immunity issue against Spoor, and that the law of the case doctrine precludes both the district court and this court from reconsidering the question. He relies on *Morrow v. Dillard*, 580 F.2d 1284 (5th Cir.1978), where we stated " 'the doctrine does mean that the duty of a lower court to follow what has been decided at an earlier

stage of the case comprehends things *decided by necessary implication* as well as those decided explicitly.' " *Id.* at 1290 (quoting *Carpa, Inc. v. Ward Foods, Inc.*, 567 F.2d 1316, 1320 (5th Cir.1978) (emphasis in original)).

We disagree. Our decision in *Bigford II* was that the seizure of Bigford's truck was not supported by probable cause. There was therefore no need to and we did not expressly discuss qualified immunity. What is unnecessary to a decision cannot be read into it by implication. Moreover, *Anderson* stands for the proposition that the analysis of whether a warrantless search was reasonable is not the equivalent of whether an officer participating in an unreasonable search is entitled to qualified immunity. *Bigford II* did not decide the immunity issue by "necessary implication."

### IV

Deputy Spoor is entitled to immunity from civil liability for the unlawful seizure of Bigford's truck. We do not reach the contentions of the parties regarding damages, costs or attorney fees. The judgment of the district court is

AFFIRMED.