United States Court of Appeals,

Fifth Circuit.

No. 95-50401

Summary Calendar.

Gerald ROLF; Cris Moravec; Al Moravec; Joe Hazelwood; Tom
Culbertson; Tony Garza; and J.J. Arzola, Plaintiffs-Appellants,

v.

CITY OF SAN ANTONIO; San Antonio Water System; Nelson Wolff,
official and individual capacity, Frank Wing, official and
individual capacity; Roger Perez, official and individual
capacity; Helen Ayala, official and individual capacity; Juan F.
Solis, III, official and individual capacity; Weir Labatt; Bill
Thornton, official and individual capacity; Yolanda Vera, official
and individual capacity; Nelda Weatherly, official and individual
capacity; Sam Lopez, official and individual capacity; Philip
Barship, official and individual capacity; and Clarence R.
McGowan, official and individual capacity, Defendants-Appellees.

Feb. 5, 1996.

Appeal from the United States District Court for the Western
District of Texas.

Before POLITZ, Chief Judge, and DUHÉ and PARKER, Circuit Judges.

POLITZ, Chief Judge:

Gerald Rolf, Cris Moravec, Al Moravec, Joe Hazelwood, Tom

Culbertson, Tony Garza, and J.J. Arzola, owners of a fractional

share of 3.5 acres in Bexar County, Texas, appeal the district

court's order dismissing their claims against the City of San

Antonio, the San Antonio Water System, and various officials in

their individual and official capacities. We affirm in part,

vacate in part, and remand.

*Background*

Appellants are a group of landowners who opposed the

construction of the Applewhite Reservoir in San Antonio, Texas.

1

They manifested their opposition, in part, by purchasing a 3.5 acre tract of land, which was planned for inclusion in the project, and designating it as an "ecological laboratory." Further, they made public comments at city council meetings, city water board meetings, news conferences, and rallies in opposition to the Applewhite project and in favor of limiting the terms of office for the mayor and members of the city council. Additionally, they collected more than 72,000 signatures to force an election on a proposed initiative ordinance requiring the City of San Antonio to abandon the project and limiting the terms of the mayor and members of the council. The voters approved the initiative ordinance and the city council abandoned the project.

The second amended complaint[1] alleges that appellees continued to seek condemnation of appellants' 3.5 acre tract, but did not seek condemnation of similarly situated lands. Further, the second amended complaint alleges that this disparate treatment was motivated by appellants' opposition to the Applewhite project and their political stance on term limits.

Appellants' second amended complaint alleges that: (1) their property was taken without just compensation, (2) they were denied due process of law, (3) their land was targeted for condemnation in retaliation for exercising first amendment rights, (4) they were

_____

[1]The district court's order refers to facts pled in earlier complaints but omitted from the second amended complaint. Those factual allegations were not appropriate for consideration because the second amended complaint supersedes the earlier complaints. *Jackson v. City of Beaumont Police Dept.,* 958 F.2d 616 (5th Cir.1992).

denied equal protection of the law, and (5) the condemnation proceedings violated state law.

The district court dismissed the action on various grounds.[2] First, the court held that the just compensation and due process claims were not ripe.[3] Second, the court held that appellants failed to state a just compensation claim, a due process claim, and an equal protection claim.[4] Third, the court held that appellees were entitled to qualified immunity for the claims brought against them in their individual capacities. Finally, the court dismissed the supplemental state law claims because it had dismissed all of the federal causes of action. Appellants challenge each of the court's holdings as well as the court's previous order denying them leave to file a third amended complaint.

*Analysis*

A. Subject matter jurisdiction

Appellants claim that their property was taken without just compensation. The takings clause of the fifth amendment, made applicable to the states through the fourteenth amendment,[5] directs

---

[2]Attached to the motion to dismiss was a copy of an ordinance passed by the San Antonio City Council. Appellees maintain that this court should treat the district court's order as a grant of summary judgment under Rule 56 rather than a Rule 12(b) dismissal because a matter outside the pleadings was considered. *See* Fed.R.Civ.P. 12(b). There is no indication that the district court gave notice to the parties as required; thus, we treat the court's dismissal order as grounded on Rule 12(b) rather than Rule 56. *See Norman v. McCotter,* 765 F.2d 504 (5th Cir.1985).

[3]*See* Fed.R.Civ.P. 12(b)(1).

[4]*See* Fed.R.Civ.P. 12(b)(6).

[5]*Samaad v. City of Dallas,* 940 F.2d 925 (5th Cir.1991).

that "private property [shall not] be taken for public use, without just compensation."[6] A just compensation claim is not ripe, that is, there is no justiciable case or controversy, until the claimant unsuccessfully has sought compensation from the state, unless that state's procedures are inadequate.[7] State procedures are inadequate when they "*almost certainly* will not justly compensate the claimant."[8] A state's procedure is adequate even though its law is unsettled whether the claimant would be entitled to compensation.[9]

The Texas Supreme Court recently held that, in a case such as this, a claimant does not state an inverse condemnation claim unless there has been a direct restriction on the use of the property.[10] Appellants have not alleged a direct restriction on the use of their land.

The Texas Supreme Court, however, expressly reserved the question whether a plaintiff states an inverse condemnation claim by alleging bad faith.[11] Because the second amended complaint

---

[6] U.S. Const. Amend. V.

[7] *Samaad* (citing *Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985)).

[8] *Id.* at 934 (emphasis in original).

[9] *Id.*

[10] *Westgate, Ltd. v. State of Texas,* 843 S.W.2d 448 (Tex.1992). *Accord Kirby Forest Indus. v. United States,* 467 U.S. 1, 104 S.Ct. 2187, 81 L.Ed.2d 1 (1984). *Kirby* indicates that the appellants have failed to state a claim that their property was taken without just compensation.

[11] *Id.*

4

alleges bad faith, it is unsettled whether appellants are entitled to compensation under Texas law. Accordingly, the just compensation claim is not ripe.[12] For the same reason, any alleged due process violation relating to the alleged taking of property is premature.[13]

The district court properly dismissed appellants' claims that their property was taken without just compensation and without due process of law.[14]

## B. Failure to state a claim upon which relief can be granted

We review the district court's dismissal of a claim under Rule 12(b)(6) *de novo,*[15] accepting all well pleaded averments as true and viewing them in the light most favorable to the plaintiff.[16] Dismissal is not proper unless it appears, based solely on the pleadings, that the plaintiff can prove no set of facts in support of the claim(s) warranting relief.[17]

## 1. Speech claim

Appellees contend, and the district court held, that appellants failed to state a first amendment retaliation claim. To establish such a claim, a plaintiff must prove: (1) defendants

---

[12]*See Samaad.*

[13]*Williamson County.*

[14]*See* Fed.R.Civ.P. 12(b)(1).

[15]*Blackburn v. City of Marshall, Tex.,* 42 F.3d 925 (5th Cir.1995).

[16]*Rankin v. City of Wichita Falls, Tex.,* 762 F.2d 444 (5th Cir.1985).

[17]*Id.*

were acting under color of state law; (2) the plaintiff's activities were protected under the first amendment; and (3) the plaintiff's exercise of the protected right was a substantial or motivating factor for defendant's actions.[18] "It is clear that state action designed to retaliate against and chill political expression strikes at the heart of the First Amendment."[19]

The second amended complaint properly states a claim against appellees for retaliating against appellants for engaging in first amendment activities. First, the second amended complaint alleges that appellees acted under color of state law.[20] Next, the second amended complaint clearly alleges that appellants engaged in first amendment activity; it cannot be gainsaid that speaking out in opposition to a government policy is protected activity.[21] Finally, the second amended complaint alleges that appellees' actions toward appellants were motivated by appellants' protected activity. The second amended complaint supports that assertion with an allegation that only appellants' property was targeted for condemnation. For these reasons, the district court's order dismissing the first amendment retaliation claim is inappropriate and must be vacated.

2. Due process claim

---

[18]*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

[19]*Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1314 (9th Cir.1989) (internal citations and quotations omitted).

[20]Appellees do not maintain, as a grounds for affirmance, that they were not acting under color of state law.

[21]*See New York Times v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

"In a section 1983 cause of action asserting a due process violation, a plaintiff must first identify a life, liberty, or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest."[22] The second amended complaint alleges that appellees acted under color of state law to deprive appellants of their liberty interest in speech.[23] Accordingly, appellants have stated a claim for a violation of substantive due process.[24]

3. Equal protection claim

The equal protection clause of the fourteenth amendment is essentially a mandate that all persons similarly situated must be treated alike.[25] We may conduct an equal protection inquiry only "if the challenged government action classifies or distinguishes between two or more relevant groups."[26] Under the equal protection analysis, we apply different standards of review depending upon the right or classification implicated. If a classification disadvantages a "suspect class" or impinges upon a "fundamental

_____

[22]*Blackburn,* 42 F.3d at 935.

[23]*See McIntyre v. Ohio Elections Comm'n,* --- U.S. ----, 115 S.Ct. 1511, 131 L.Ed.2d 426 (1995) (liberty includes first amendment rights).

[24]The second amended complaint does not clearly allege another protected liberty interest.

[25]*Qutb v. Strauss,* 11 F.3d 488 (5th Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 2134, 128 L.Ed.2d 864 (1994) (citing *City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985)).

[26]*Id.*

right," the classification is subject to strict scrutiny.[27] Otherwise, we apply the less stringent "rational basis" review. Appellants' second amended complaint alleges that they have been treated differently than similarly situated individuals. Accordingly, the district court erred by dismissing the equal protection claim at this stage of the litigation.

C. Qualified immunity

Qualified immunity "shields certain public officials performing discretionary functions from civil damage liability if "their actions could reasonably have been thought consistent with the rights they are alleged to have violated.' "[28] The protection afforded by this defense turns on the objective legal reasonableness of the defendant's conduct examined by reference to clearly established law.[29] Accordingly, we must determine whether a reasonable public official would have known that his or her conduct was illegal.

Accepting as true all well pleaded allegations, reasonable public officials would have understood that their actions violated appellants' clearly established constitutional right to be free from retaliation for exercising their first amendment right to free speech. Similarly, reasonable officials would have understood that their actions deprived appellants of their clearly established

---

[27]*Id.*

[28]*Duckett v. City of Cedar Park, Tex.,* 950 F.2d 272, 279 (5th Cir.1992) (quoting *Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987)).

[29]*Id.*

8

liberty interest in speech, and that the alleged differential treatment denied them equal protection of the law. Accordingly, the district court erred by determining, at this stage in the litigation, that appellees, in their individual capacities, were entitled to qualified immunity.

D. Leave to amend

"Rule 15(a) evinces a bias in favor of granting leave to amend," when justice so requires.[30] "A decision to grant leave is within the discretion of the court, although if the court lacks a substantial reason to deny leave, its discretion is not broad enough to permit denial."[31] In exercising its discretion a court may consider undue delay, bad faith, dilatory motive, prejudice to the other party, and the futility of the proposed amendments.

The district court's order does not state its reasons for denying leave. Our review of the record reveals no substantial reason to deny leave to amend. Appellants should have been granted leave to file an amended complaint.

E. Supplemental jurisdiction

Finally, the district court's order dismissing the supplemental state law claims must now be vacated because the assigned justification, *i.e.,* lack of a federal question, no longer appertains.

---

[30]*Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1163 (5th Cir.1982), *cert. denied,* 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983).

[31]*State of Louisiana v. Litton Mortgage Co.,* 50 F.3d 1298, 1302-03 (5th Cir.1995) (internal citations and quotations omitted).

The judgment of the district court is AFFIRMED IN PART, VACATED IN PART, AND REMANDED.