Charles E. SMITH and Audrey Smith, Plaintiffs,

v.

Barney LUTHER; Robert Sistrunk; Mike Bartlett, Gary Mosley, and The Mississippi State Tax Commission, Defendants.

No. 4:96CV69–EMB.

United States District Court, N.D. Mississippi, Greenville Division.

July 21, 1997.

Glenn H. Williams, Shelby, MS, for plaintiffs.

Robert E. Sanders, Mississippi Attorney General's Office, Jackson, MS, for defendants.

## OPINION

BOGEN, United States Magistrate Judge.

Defendants move for summary judgment on the grounds that the amended complaint fails to state a claim for relief; that suit against the Mississippi State Tax Commission and the employees of the Commission in their official capacities is barred by the Eleventh Amendment; that claims against the individual defendants in their individual capacities are barred by the doctrine of qualified immunity; and that the state law claim for intentional infliction of emotional distress is barred by the applicable statute of limitations.

## FACTS

The parties agree that defendants Luther, Sistrunk, Bartlett and Mosley were acting as special agents for the State Tax Commission during the events in question. The parties agree that the plaintiffs filed a joint state tax return for the year 1992 which showed a tax liability of $1,328.87 which was not paid. The Commission contends that on October 29, 1993, it sent a notice of delinquency to the plaintiffs which advised them that they had 30 days to contest the fact of liability. Plaintiffs deny that they ever received the notice.[1] The parties agree that on December 30, 1993, a Notice of Tax Lien against the plaintiffs was issued by the Commission in the amount of $1,495.82, which included the original tax liability plus interest, and that on January 10, 1994, a Judgment was enrolled on the Bolivar County Judgment Roll. A Distress Warrant was issued by the Commission on September 16, 1994, for $1,667.72, which included the original tax liability, interest and penalties.

On October 26, 1994, Special Agents Barney Luther and Robert Sistrunk approached plaintiff Charles Smith at his residence to inquire about Smith's automobile. Plaintiffs admit that later that same day Mr. Smith told Ms. Smith to take the automobile to her mother's, but deny that this was an effort to hide the vehicle; rather, Smith contends that important medical records were in the trunk and he did not want the agents to confiscate these items.

The parties admit that later that same day the agents encountered Smith at a used car lot in Cleveland. The parties disagree on the events at the used car lot. Plaintiffs claim that Smith told the officers that he would get the money and they could pick it up at his house later; then, he drove off. Luther states that Smith refused to talk with him and continued to edge toward his vehicle; that he was warned not to leave the area or he would be arrested, but that he got in his car anyway and drove away in a reckless fashion. Luther ultimately swore out an affidavit against Smith for reckless driving, failure to obey the command of a police officer, and resisting arrest. Plaintiffs admit that an arrest warrant was issued by Municipal Judge Boyd P. Atkinson, but assert that the only charge was for reckless driving, and that the warrant was never presented to them. The parties admit that Mr. Smith was arrested and jailed on October 26, 1994, and that he posted bond and was released that same day. The defendants contend that Smith plea bargained the resisting arrest charge, which plaintiffs deny. The parties agree that Smith was acquitted on the reckless driving charge, and that the failure to obey charge was remanded to the file. The parties do not agree on whether or not the remand was a final disposition of the charge. The parties agree that neither plaintiff has sought medical, psychiatric or psychological treatment as a result of the events complained of.

## ELEVENTH AMENDMENT IMMUNITY

Defendants contend that the Tax Commission, and its agents in their official capacity, are entitled to Eleventh Amendment immunity from damages and injunctive or declarato-

---

1. The court by Order dated February 6, 1997, denied plaintiffs' Motion for Partial Summary Judgment, finding that the mailed notice without pre-deprivation hearing, whether received or not, did not constitute a due process violation, and that the state statutes allowing for seizure of property without a hearing were constitutional.

ry relief.[2] Plaintiffs respond that all claims for damages against the Commission have already been dismissed by Judge Davidson in an Order entered on August 14, 1996; that the state waived its immunity from suit because it must indemnify and hold harmless a special agent of the Tax Commission pursuant to Miss.Code § 27–7–67; and that the individual defendants are not sued in their official capacities.

The court agrees that the damages claims against the Commission have already been decided. *See* Opinion, J. Davidson, August 14, 1996, at p. 14 ("All of the plaintiffs' claims for money damages against the defendant MSTC, ... are barred by the immunity granted by virtue of the Eleventh Amendment"). Further, plaintiffs concede that suit is not being brought against the individuals in their official capacity, and neither the complaint nor the amended complaint make such a claim. *See* Response, p. 2.

■ However, the Eleventh Amendment does not bar suits for declaratory relief against state officials, since claims for prospective relief are not deemed to be actions against the state, and such claims may be brought against state officials in either their official or individual capacities. *ICR Graduate School v. Honig,* 758 F.Supp. 1350 (S.D.Cal.1991).

■ Contrary to plaintiffs' assertion that the state has waived its immunity in Miss. Code Ann. § 27–7–67, such waiver must be unequivocal—there is no such thing as "constructive consent" to suit—and only by the most express language will waiver be construed. *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360–61, 39 L.Ed.2d 662 (1974); *Saahir v. Estelle,* 47 F.3d 758 (5th Cir.1995). Reference to the state statutes cited by the plaintiffs reveals no such express language therein.

Thus, the court will reiterate that all claims against the Commission under both state and federal law were previously dismissed, and all claims for damages against the individual defendants in their official ca-

pacities, if in fact such claims were ever made, should be dismissed. The court further finds that there has been no waiver of immunity by the state, and that the claim for declaratory relief is not barred.

## QUALIFIED IMMUNITY

### *Unreasonable Search and Seizure*

Defendants contend that under the heightened pleading standard set forth in *Elliott v. Perez,* 751 F.2d 1472 (5th Cir.1985) and *Wicks v. Mississippi State Employment Services,* 41 F.3d 991 (5th Cir.1995), plaintiffs have failed to allege sufficiently concrete facts to overcome immunity. Defendants contend that the only facts alleged regarding defendants Sistrunk, Bartlett, and Mosley are that they were present when Charles Smith was arrested, and that defendant Luther is shielded by immunity even if no probable cause existed, so long as he reasonably believed that it existed, citing several Fifth Circuit cases. *See Saldana v. Garza,* 684 F.2d 1159 (5th Cir.1982); *Gassner v. City of Garland,* 864 F.2d 394 (5th Cir.1989); *Bigford v. Taylor,* 896 F.2d 972 (5th Cir.1990). Further, defendants argue that there was no clearly established right which they could have violated, i.e. plaintiffs had no constitutional right to hide a vehicle from tax seizure or to thwart an attempt by the tax commission to effect legal process, or to drive a vehicle recklessly, or to avoid arrest pursuant to a warrant.

Plaintiffs argue that they had a clearly established right to be free from malicious prosecution and false arrest, and that whether or not there was probable cause for the arrest is an issue for the trier of fact to determine, citing *Brown v. Bryan County, et al.,* 67 F.3d 1174 (5th Cir.1995), and *Enlow v. Tishomingo County,* 962 F.2d 501 (5th Cir. 1992). Plaintiffs further argue that Judge Davidson's opinion on August 14, 1996, is *res judicata* on this issue since he found then that the defendants had not supplied sufficient facts to support their claim of qualified

---

**2.** Plaintiffs do not assert claims for injunctive relief in their amended complaint filed on April 2, 1997. Plaintiffs do, however, ask for a declar-

atory judgment against the defendants that their actions were unconstitutional.

immunity, and the defendants have supplied no additional facts since that decision.

■ First, the court disagrees with the plaintiffs' interpretation of Judge Davidson's Opinion and does not find that the decision is *res judicata* on the issue of qualified immunity. Judge Davidson, declined to treat the defendants' motion as one for summary judgment because no discovery had been conducted, and instead treated it as a motion to dismiss; secondly, Judge Davidson considered nothing but the pleadings, which he found to be sufficient to overcome the defendants' immunity defense; and he made this determination from reviewing the complaint and the Rule 7(a) pleading filed by the plaintiff. Judge Davidson did not consider any evidentiary materials, thus there has been no prior determination based on the evidentiary materials now before the court.[3]

Although the court does not find that the prior opinion of Judge Davidson is· *res judicata* on the entire issue of qualified immunity, it does find it to be *res judicata* on the sufficiency of the pleadings, thereby foreclosing defendants' argument that the pleadings do not meet the standards set forth in *Elliott* and *Wicks*.

■ Defendants next argue that they are shielded by immunity because they reasonably believed there was probable cause to arrest Smith.[4] Whether an officer has probable cause depends on the facts and circumstances within their knowledge at the time of the arrest and whether or not those facts and circumstances are sufficient to warrant a reasonable man in believing that the arrested person was committing an offense. *Brown v. Bryan County, et al,* 67 F.3d 1174, 1180 (5th Cir.1995). Usually the determination of reasonableness is a question of law, to be decided prior to trial. *Hunter v. Bryant,* 502 U.S. 224, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991). Plaintiffs cite *Brown, supra* for the proposi-

tion that when material facts regard-ing the arrest are in dispute, the issue of credibility should go before the jury. However, *Brown* concerned a warrantless arrest. *See also Harper v. Harris County, Texas,* 21 F.3d 597, 602 (5th Cir.1994); *Bigford v. Taylor,* 896 F.2d 972 (5th Cir.1990) (also distinguishing "warrantless" arrest). The law is well settled that an officer who arrests a person pursuant to a valid warrant issued by an "independent intermediary" such as a judge or grand jury has no liability for false arrest even though that person may be later proved innocent. *Taylor v. Gregg,* 36 F.3d 453, 456 (5th Cir.1994); *Rodriguez v. Ritchey,* 539 F.2d 394, 401 (5th Cir.1976); *Perry v. Jones,* 506 F.2d 778 (5th Cir.1975). However, the arresting officer may not be shielded by the warrant if he withholds or misrepresents information to the judge signing the warrant. *See Hand v. Gary,* 838 F.2d 1420, 1427–28 (5th Cir.1988).

The only claims plaintiffs make against defendants Sistrunk, Bartlett and Mosley are that they assisted in the arrest and detention of Charles Smith pursuant to a warrant signed by Municipal Judge Boyd Atkinson. There are no allegations that they provided any information to the judge or otherwise participated in the issuance of the warrant. Consequently, these defendants are shielded by an "independent intermediary"—Judge Atkinson—from liability.

■ However, it is alleged that defendant Luther misrepresented the facts upon which the warrant was issued. Therefore, he cannot be shielded from liability under the "independent intermediary" doctrine. Insofar as defendants claim that Luther is entitled to qualified immunity because there was reason to believe that probable cause existed, the undersigned finds that there are material facts in dispute on this issue which preclude summary judgment. Therefore, the motion

3. The materials offered by the defendants are the affidavits of defendants Luther, ·Sistrunk, Bartlett, and Mosley; the papers regarding the tax lien; the affidavits regarding the charges for reckless driving, failure to comply, and resisting arrest; deposition transcripts of Smith and Luther; an affidavit of Toxie Givens; and transcripts of the arrest of Smith as recorded by Luther and Allen Morgan.

4. Plaintiff claims that the defendants arrested and detained him without probable cause; that defendant Luther searched plaintiff without probable cause; and that defendant Luther entered plaintiff's home without probable cause or a warrant issued by a neutral magistrate.

is denied as to plaintiffs' claims of unreasonable search and seizure as against Luther.

### EQUAL PROTECTION

■ Plaintiffs assert in the complaint that the defendants singled them out for punitive action and treated them differently from other similarly situated taxpayers.

Defendants argue that plaintiffs have stated no specific facts showing disparate treatment, and Toxie Givens, Director of Collections with the Mississippi Tax Commission, avers in her affidavit that the actions taken against the plaintiffs are standard procedure.

■ No equal protection claim is made unless it is asserted that the challenged government action classifies or distinguishes between two or more relevant groups. *Rolf v. City of San Antonio,* 77 F.3d 823, 827 (5th Cir.1996) (persons politically opposed to a particular land project, and those who were not); *Qutb v. Bartlett,* 11 F.3d 488, 491 (5th Cir.1993) (juveniles under age 17, and those over 17). The classification determines the standard of review used by the court. *Rolf,* 77 F.3d at 827; *Qutb,* 11 F.3d at 488. The complaint, as amended, provides no information from which the court could even infer a classification. The plaintiffs are not identified by race or ethnicity—the typical suspect classes—nor is the court provided their age, sexual preference or religion. There is absolutely nothing from which the court could even begin to apply the correct standard of review.

Therefore, the court finds that plaintiffs have failed to state a claim for equal protection, and said claims should be dismissed as against all defendants.

### MALICIOUS PROSECUTION

The elements of a malicious prosecution claim are: "(1) the institution or continuation of original judicial proceedings, either criminal or civil; (2) by, or at the insistence of the defendants; (3) the termination of such proceedings in plaintiffs' favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceedings; and (6) the suffering of damages as a result of the action

or prosecution." *Page v. Wiggins,* 595 So.2d 1291, 1294 (Miss.1992).

Three charges were brought against plaintiff Charles Smith—reckless driving, failure to obey an officer and resist-ing arrest. Judge Davidson dismissed any claims relating to the resisting arrest charge as time barred. The reckless driving charge was resolved in plaintiff's favor, but the failure to obey charge was remanded to the files, meaning there has been no final resolution. Defendants strongly contend that no evidence of malice has been shown as to any of the charges; that there was clearly probable cause for the proceedings; and that there has been no termination of the failure to obey charge.

Plaintiffs claim that Luther "wilfully, maliciously and without probable cause" signed affidavits against plaintiff Charles Smith to cause his arrest. Plaintiffs' claims against the other defendants are that they caused and completed his arrest, and that defendants Sistrunk and Burchfield [5] participated in the trial against Smith which resulted in the charges being terminated in plaintiff's favor.

■ There are absolutely no facts supporting any claim for malicious prosecution against Bartlett and Mosley, except that they participated in the arrest of Charles Smith, and this claim against them should be dismissed, as discussed *supra.* Plaintiffs do not allege that Bartlett and Mosley made statements supporting the affidavits which resulted in his arrest, or participated in the subsequent criminal proceedings. Consequently, the claim for malicious prosecution against Bartlett and Mosley should be dismissed.

■ Plaintiff's only allegation against Sistruck is that he and Luther "further participated in prosecuting these unfounded charges against Mr. Smith at trial." This conclusory allegation fails to state a claim for malicious prosecution, and therefore Sistrunk, too, should be dismissed as a defendant.

As to Luther, the court finds that there are material facts in dispute precluding sum-

---

**5.** Burchfield has been dismissed as a defendant pursuant to a settlement agreement.

mary judgment as to the malicious prosecution claim regarding the reckless driving charge, but that the charge of failure to obey has not terminated in plaintiffs' favor, and therefore no claim lies as to that charge.

## ABUSE OF PROCESS

Defendants contend that there has been no claim of an improper use of process after the arrest, by the named defendants or anyone else, and therefore the claim should fail.

 The elements of an abuse of process claim are: (1) that a party made illegal use of process; (2) that the party had an ulterior motive; and (3) damage resulted from the perverted use of process. *McLain v. West Side Bone and Joint Center*, 656 So.2d 119 (Miss.1995). The distinguishing factor between an abuse of process claim and a malicious prosecution claim is that malicious prosecution concerns maliciously causing process to issue, while abuse of process concerns the improper use of process after it has been issued. *Dunagin v. City of Oxford, Miss.*, 489 F.Supp. 763 (N.D.Miss.1980) (reversed on other grounds).

 The claim for abuse of process as stated in the amended complaint is:

"[t]hat the Defendants signed the aforesaid criminal affidavits against the Plaintiff and caused his arrest and detention for the purpose of coercing the Plaintiff to provide him with information regarding the subject Buick automobile, and for the purpose for punishing him for his failure to cooperate as they wanted, and they thereby used legal process for purposes neither warranted nor attainable by the use of such process."

As the court reads plaintiffs' claim, it concerns the abuse of process to obtain the warrant to arrest Charles Smith on the charges of reckless driving, failure to obey, and resisting arrest. Thus, it appears that the claim concerns the allegedly malicious acts which *caused* process to issue. This is simply a restatement of plaintiffs' malicious prosecution claim. Therefore, the court finds that the claim for abuse of process should be dismissed.

## EMOTIONAL DISTRESS

It is clear that the claim for intentional infliction of emotional distress is barred by the one-year statute of limitations, Miss.Code Ann. § 15–1–35. *King v. Otasco, Inc.*, 861 F.2d 438, 442 (5th Cir.1988). The acts complained of occurred on October 26, 1994. The complaint was filed over one year later, on February 21, 1996. Therefore, this claim should also be dismissed.

A separate order in accordance with this opinion shall issue this same date.

## ORDER

In accordance with an opinion entered this day, it is hereby

ORDERED:

1. That defendants' Motion for Summary Judgment be, and is hereby, sustained in part, and the following claims are hereby dismissed with prejudice:

a) all claims against the Mississippi State Tax Commission;

b) all claims, insofar as the amended complaint may be construed to state any such claims, for money damages against the individual defendants in their official capacities;

c) the claim of unreasonable search and seizure as against defendants Bartlett, Sistrunk and Mosley;

d) the claim of denial of equal protection as against all the defendants;

e) the claim of malicious prosecution as to defendants Bartlett, Mosley and Sistrunk;

f) the claim of abuse of process as to all defendants; and

g) the claim for intentional infliction of emotional distress as to all the defendants;

In summary, all of plaintiffs' claims against defendants Robert Sistrunk, Mike Bartlett, Gary Mosley and the Mississippi State Tax Commission now stand dismissed.

2. In all other respects, the motion is denied, and the following claims of the plaintiffs shall go forward to trial against Barney Luther, the only remaining defendant:

a) unreasonable search and seizure claim under the Fourth Amendment;

b) malicious prosecution claim; and

c) declaratory judgment claim.