IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 08-40202
Summary Calendar

JOHN BASS LINDSAY,

Plaintiff-Appellant,

v.

CITY OF BEEVILLE, ROY HINDS, and ROBERT REAGAN SCOTT,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:07-cv-00068

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant John Bass Lindsay appeals the dismissal of his § 1983 claims against the defendants on summary judgment on the issue of qualified immunity. We affirm.

I.

In February 2005, Lindsay presented two $100 bills for the purchase of a money order at the Pantry North convenience store in Beeville, Texas. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cashier marked the money with a counterfeit detection marker. The color of the ink on the bills indicated that the bills were "suspect. The cashier took the money to a back office of the store. The manager came out and told Lindsay that the money was fake and they were calling the police.

Officer Hinds arrived, asked Lindsay for identification and did a patdown search. On request by Hinds, Lindsay indicated that his home was in Jacksonville, Florida. His driver's license has a Kansas address. Hinds seized the two $100 bills. Officer Scott arrived on the scene and took over the investigation. He took the bills to State Bank and Trust for evaluation. There is a factual dispute as to whether the money was retested with another counterfeit detection pen. The bank could not tell whether or not the bills were counterfeit.

Scott called his supervisor, Lieutenant Joe Trevino, and explained what had happened. Trevino contacted Hinds and told him to arrest Lindsay for forgery for attempting to pass counterfeit bills. Hinds located Lindsay and made the arrest. In addition to the two $100 bills previously seized, the cash in Lindsay's pockets was logged as evidence.

The cash seized from Lindsay was later sent to the Secret Service. In February 2006, Scott received notice from the Secret Service that the bills were genuine. Charges against Lindsay were dropped and Scott made arrangements with Lindsay's attorney to have the money returned to him.

Lindsay filed this suit against the City of Beeville, the Beeville Police Department, Officer Hinds and Detective Scott, individually and in their official capacities, and State Bank and Trust. The suit alleged an objectively unreasonable arrest and search and the objectively unreasonable seizure of his property in violation of the Fourth Amendment. Lindsay also brought a negligence claim against State Bank and Trust. State Bank and the Beeville Police Department were dismissed with Lindsay's consent.

The defendants filed a Motion for Summary Judgment seeking inter alia qualified immunity on the Fourth Amendment claims. The district court granted the defendants' motion and dismissed Lindsay's Fourth Amendment claims. Lindsay appeals.

## II.

Lindsay argues that the defendants are not entitled to qualified immunity because his arrest was without probable cause and the officers made multiple misrepresentations to support his arrest. Lindsay makes similar arguments to argue against qualified immunity on the claims related to the seizure of his property.

The doctrine of qualified immunity protects public officials from liability for civil damages if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "[E]ven if a defendant's conduct actually violates a plaintiff's constitutional rights, the defendant is entitled to qualified immunity if the conduct was objectively reasonable." Pfannstiel v. City of Marion, 918 F.2d 1178, 1183 (5th Cir. 1990). "Qualified immunity 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" Zarnow v. City of Wichita Falls, 500 F3d. 401, 409 (5th Cir. 2007), citing Malley v. Briggs, 475 U.S. 335, 343 (1986).

The arrest and search of Lindsay and seizure of his property without a warrant must be based on probable cause to avoid a constitutional violation. United States v. Castro, 166 F.3d 728, 733 (5th Cir. 1999). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed, or was in the process of committing, an offense." Id.

We agree with the district court that probable cause existed in this case. The bills Lindsay attempted to pass were tested by an employee of the Pantry North convenience store and deemed "suspect." None of the bank employees were able to authenticate the bills. Probable cause does not require proof, but rather only a probability of criminal activity. United States v. Daniels, 982 F.2d 146, 151 (5th Cir. 1993). The results of the test with the counterfeit detection pen established the probability that Lindsay was committing a crime. Lindsay and his vehicle were searched after his arrest and are justified as searches "incident to arrest." United States v. Johnson, 846 F.2d 279, 281 (5th Cir. 1988).

Lindsay also claims that the seizure and retention of his money for over a year constituted an unlawful seizure. As the initial seizure was supported by probable cause, it was lawful. The continued seizure of the funds was supported by probable cause and Officer Scott's actions in withholding the money were not unreasonable under the circumstances. See Wren v. Towe, 130 F.3d 1154, 1159-60 (5th Cir. 1997)(withholding property for several months after owner's legitimate claim to it had been established did not expose officers to liability); and Bigford v. Taylor, 896 F.2d 972, 975 (5th Cir. 1990) and 834 F.2d 1213 (5th Cir. 1988)(officer entitled to qualified immunity despite continued seizure of vehicle that lasted over three years without probable cause for the initial seizure).

Because Lindsay cannot establish the violation of his constitutional rights related to his arrest, search and seizure, the district court properly granted summary judgment to Officers Hinds and Scott on the issue of qualified immunity.

III.

Lindsay's claims against the City of Beeville also fail. To establish a claim under § 1983 against a municipality, the plaintiff must, among other things, establish a constitutional violation. Meadowbriar Home for Children v. Gunn,

81 F.3d 521, 533 (5th Cir. Tex. 1996). As Lindsay has not established a constitutional violation, the district court properly granted summary judgment to the city on the issue of qualified immunity.

IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.