**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 96-50482
_____


JEFFREY "ZEAL" STEFANOFF,

Plaintiff-Appellee,

VERSUS

HAYS COUNTY, TEXAS and PAUL HASTINGS, SHERIFF, in his
individual and official capacity,

Defendants-Appellants.

_____

Appeal from the United States District Court
For the Western District of Texas
_____
September 24, 1998

Before DAVIS, WIENER and PARKER, Circuit Judges.

PER CURIAM:

Jeffrey "Zeal" Stefanoff was convicted of possession of
marijuana and sentenced by a jury to 180 days in the Hays County
Jail.  Stefanoff was remanded to the custody of Hays County Sheriff
Paul Hastings in June 1993.  In August 1993, Stefanoff requested
that Hastings grant him "good time" credit under a Texas statute
granting sheriffs the discretion to commute for good conduct the
sentences of inmates incarcerated in county jails.  Hastings denied
his request.  Stefanoff brought a § 1983 suit against Hastings and
Hays County, alleging that Hastings violated his right to equal

protection by basing his refusal on Stefanoff's election to have a jury determine his punishment and that Hastings unlawfully retaliated against him for exercising his First Amendment rights. Hastings and Hays County moved for summary judgment on Stefanoff's equal protection and First Amendment claims on qualified immunity grounds. The district court denied their motion, and they appeal.

## A. Hays County's Appeal

As an initial matter, we observe that municipalities are not entitled to qualified immunity. *See Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 166 (1993). Accordingly, we do not have jurisdiction over Hays County's appeal.

## B. Sheriff Hastings's Claim

Determining whether an official is entitled to qualified immunity is a two-step process. *See Rochon v. City of Angola, La.*, 122 F.3d 319, 320 (5th Cir. 1997). First, a court must determine whether the plaintiff has alleged a violation of a clearly established constitutional right. *Id.* Second, the court must determine whether the official's conduct was objectively reasonable in light of clearly established law as it existed at the time of the conduct in question. *Id.*

An official is not entitled to qualified immunity if, at the time the challenged action occurred, the federal law proscribing it was clearly established not only as an abstract matter but also in a more particularized sense such that the contours of the right are

2

sufficiently clear that a reasonable official would understand that what he is doing violates that right. *See Pierce v. Smith*, 117 F.3d 866, 871 (5th Cir. 1997). Although to preclude qualified immunity it is not necessary that the very action in question have been previously held unlawful or that the plaintiff point to a previous case that differs only trivially from his case, the facts of a previous case must be "materially similar." *Id.* at 882. "For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." *Id.* However, "the egregiousness and outrageousness of certain conduct may suffice to obviously locate it within the area proscribed by a more general constitutional rule[.]" *Id.*

### 1. Stefanoff's Equal Protection Claim

Stefanoff alleges that Hastings maintains a policy of denying good time credit to inmates who have been sentenced by juries and that Hastings violated his right to equal protection by refusing to grant him good time credit because he elected to have his punishment determined by a jury.

Because no suspect class or fundamental right is involved, we employ the rational basis test in analyzing this question. *See Hilliard v. Ferguson*, 30 F.3d 649, 652 (5th Cir. 1994). Rational

basis scrutiny requires only that the classification rationally promote a legitimate governmental objective. *See Williams v. Lynaugh*, 814 F.2d 205, 208 (5th Cir. 1987).

In order to overcome Hastings's claim of qualified immunity, Stefanoff must specifically allege the violation of a clearly established constitutional right. *See Seigert v. Gilley*, 500 U.S. 226, 233 (1991). Stefanoff asserted that Hastings distinguished between two groups of similarly situated inmates based on their sentencing election. He contended that this distinction is not rationally related to any legitimate state purpose and has a chilling effect on the choice to be sentenced by a jury rather than a judge. The trial court held that Stefanoff had alleged a violation of a clearly established constitutional principal. We agree.

The Equal Protection Clause of the Fourteenth Amendment requires essentially that all persons similarly situated be treated alike. *See Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996). In order to establish an equal protection claim, Stefanoff must prove (1) that Hastings created two or more classifications of similarly situated prisoners that were treated differently, *see Johnson v. Rodriguez,* 110 F.3d 299, 307 (5th Cir.), *cert. denied*, 118 S. Ct. 559 (1997), and (2) that the classification had no rational relation to any legitimate governmental objective. *See id.* at 306. Hastings contends that Stefanoff did not adequately

4

allege either prong of an Equal Protection Clause violation.

Stefanoff's complaint alleged that Hastings has a policy of denying good time credit to persons who are sentenced by a jury, while considering persons who are sentenced by a judge for such credit.  Hastings, while admitting that he has such a policy, takes the position that because there is another category of prisoners not considered for good time credit (those sentenced by a judge, where the judge recommend "flat time") and because even those who are considered for such credit do not always receive it, there is no relevant classification for Equal Protection purposes.  Because there was a discoverable classification antedating the challenged state action -- that is, persons who elected to be sentenced by a jury versus those who elected to be sentenced by a judge -- Stefanoff has met the requirement of identifying two similarly situated groups treated differently.  *See Johnson v. Rodriguez*, 110 F.3d at 306.

Further, Hastings contends that, assuming he treated similarly situated groups of prisoners differently, the classification is rationally related to a legitimate state purpose.  The statutory basis of the sheriff's discretion for awarding good time in county jails, Texas Code of Criminal Procedure, art. 42.032, specifically states its purpose as "encourag[ing] county jail discipline." Hastings makes no argument that his policy was rationally related to the goal articulated by the Texas legislature in the statute

5

granting discretion in this arena.  Rather, Hastings argues that he had another rational basis for his policy: deferring to the jury as the "conscience of the community."  Although Hastings may have acted outside the discretion granted by the state, giving rise to a state cause of action, equal protection rights are not violated as long as the policy is rationally related to <u>some</u> legitimate governmental goal.  *See Johnson v. Rodriguez*, 110 F.3d at 306 (1997).

This court's task is therefore to examine Hastings's articulated rationale to determine 1) whether there is a plausible policy reason for the classification, 2) whether Hastings could have rationally believed the facts on which the classification is allegedly based, and 3) whether the relationship of the classification to its goal is so attenuated as to render the distinction arbitrary or irrational.  *See Nordlinger v. Hahn*, 505 U.S. 1, 11 (1992).  While Hastings's policy of denying good time credit on sentences which reflect the "conscience of the community" may be plausibly aimed at a legitimate governmental goal, the distinction fails under the last two prongs.  We do not accept as rational the proposition that a decision made by a jury of citizens more closely reflects the "conscience of the community" than the decision of an elected judge.[1]  Even if that were a rational

[1]There is nothing in this record that allows a distinction based on the conjecture that Hays County state district judges took into account the potential for early release due to good conduct

proposition, the relationship between the classification Hastings chose and the goal of honoring the "conscience of the community" is so attenuated as to render the distinction arbitrary and irrational. We conclude that Hastings violated Stefanoff's rights under the equal protection clause. Further we are not convinced by Hastings' argument that such a policy was objectively reasonable.

## 2. Stefanoff's First Amendment Claim

Stefanoff claims that Hastings also refused to grant him good time credit in retaliation for engaging in a hunger strike and corresponding with the media -- activities which he alleges are protected by the First Amendment. Hastings stated in an affidavit attached to his motion for summary judgment that, "[t]aking into account all factors relevant to the exercise of my discretion, Mr. Stefanoff would have served the same jail term even if I did not have a guideline denying good time credit to persons sentenced by a jury." Hastings specifically references Stefanoff's expressed desire to stay in jail and organize the prisoners, as well as a request from the district attorney for denial of good time "since he has begun a hunger strike and continues to make his crime a media event."

In order to establish a retaliation claim, Stefanoff must show 1) the invocation of a specific constitutional right; 2) that Hastings intended to retaliate against him for his exercise of that

---

time, while jury members remained ignorant of this possibility.

7

right; 3) a retaliatory adverse act; and 4) that but for the retaliatory motive the act would not have occurred. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

We must begin by determining whether Hastings's actions were objectively reasonable under settled law at the time they were taken. *See Hunter v. Bryant*, 502 U.S. 224 (1991). First, it is clearly established that, under some circumstances, prisoners have a First Amendment right to communicate with the press. *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Likewise, a hunger strike may be protected by the First Amendment if it was intended to convey a particularized message. *See Texas v. Johnson*, 491 U.S. 397, 404 (1989). However, so long as reasonable and effective means of communication remain open and no discrimination in terms of content is involved, prison officials are accorded latitude in fashioning restrictions on time, place and manner of communications. *See id.* at 826. Such restrictions must be reasonably related to a legitimate penological interest. *See Brewer v. Wilkinson*, 3 F.3d 816, 824 (5th Cir. 1993). We conclude that Stefanoff's activities were sufficiently disruptive that Hastings had a legitimate penological interest in curtailing them. Further, there is no question that Stefanoff retained other reasonable and effective methods of communicating his views. Consequently, we conclude that it was objectively reasonable for Hastings to deny Stefanoff good time on this basis. Because there is no dispute in the record that

8

Hastings would have denied Stefanoff good time credit regardless of the policy relative to jury sentences, we hold that Hastings was entitled to qualified immunity from suit and reverse the district court's denial of his summary judgment motion.

CONCLUSION

In summary, we dismiss Hays County's appeal, and reverse the judgment of the district court denying Hastings' claim for qualified immunity and render judgment in favor of Hastings based on the First Amendment claim. Our holding on the First Amendment claim obviates the need to remand for further proceedings on the basis of Stefanoff's Equal Protection claim.

DISMISSED in part, REVERSED in part.