No. 99-50464
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50464
Summary Calendar
_____


JEFFREY ZEAL STEFANOFF,

                                    Plaintiff-Appellee-Cross-Appellant,

versus

HAYS COUNTY, TEXAS, ET AL.,

                                                        Defendants,

HAYS COUNTY, TEXAS,

                                    Defendant-Appellant-Cross-Appellee.


--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. A-95-CV-296-SC
--------------------
March 30, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Hays County, Texas, appeals from the grant of summary

judgment giving injunctive relief to Jeffrey "Zeal" Stefanoff and

from the order granting attorneys fees to Stefanoff.  Stefanoff

appeals from the denial of compensatory damages for the Equal

Protection Clause violation that we noted in *Stefanoff v. Hays*

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

*County, Texas*, 154 F.3d 523 (5th Cir. 1998), regarding former Sheriff Paul Hastings's exercise of his statutory discretion to grant good-time credits to prisoners in the Hays County Jail. Stefanoff moves conditionally for appellate costs and attorneys fees; Stefanoff's motion is DENIED. Stefanoff also moves to supplement the record or for us to take judicial notice of a complaint filed by another individual; Stefanoff's motion is DENIED.

Stefanoff contends that the magistrate judge erred by failing to allow him to present evidence of actual injury arising from the Equal Protection violation. He argues that this court's earlier opinion as to Sheriff Hastings's immunity had no preclusive effect as to Hays County. Hays County contends that the magistrate judge erred by finding any liability because Stefanoff suffered no actual injury.

Compensatory damages "should be awarded only to compensate actual injury[.]" *Carey v. Piphus*, 435 U.S. 247, 266 (1978). We found in the earlier appeal that Stefanoff's disruptive media activities provided a constitutionally legitimate reason for Sheriff Hastings to deny Stefanoff good-time credits, and we determined that Hastings was entitled to immunity from suit. *Stefanoff*, 154 F.3d at 527. Our earlier opinion is conclusive on this matter, *see United States v. Lawrence*, 179 F.3d 343, 351 (5th Cir. 1999), *cert. denied*, 120 S. Ct. 836 (2000); Stefanoff suffered no actual injury. The district court did not err by denying compensatory damages.

A plaintiff may obtain nominal damages for a constitutional violation, even absent actual injury. *Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988). Because Sheriff Hastings adopted an unconstitutional policy as Hays County's policymaker, Stefanoff was entitled to nominal damages from Hays County. The magistrate judge did not err by finding Hays County liable and awarding Stefanoff nominal damages.

Hays County contends that the magistrate judge's grant of injunctive relief to Stefanoff was improper. Hays County is correct, and we vacate the grant of injunctive relief.

The evidence in the record indicated that current Sheriff Don Montague has never considered employing the policy found constitutionally invalid in our earlier opinion. Thomas Morrow's affidavit did not refute Sheriff Montague's affidavit – Montague was elected in 1996, and Morrow swore that he was told of the former policy in 1994. Stefanoff swore that in January 1999 he was arrested again in Hays County for possession of marijuana. He does not state that he has been convicted and sentenced on that charge. The question of good-time credit has not arisen because good-conduct credit applies only to a sentence. *See* TEX. CODE CRIM. P. ANN. art. 42.032 § 2 (West Supp. 2000). Even were Stefanoff convicted, in light of Sheriff Montague's affidavit, it is speculative whether Sheriff Hastings's offending policy will be applied to Stefanoff to deny good-conduct time. Whether Stefanoff will suffer any future injury due to the policy we found to violate the Equal Protection Clause was, and is,

entirely speculative. Stefanoff lacked standing to obtain injunctive relief, *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992); the grant of injunctive relief was an abuse of discretion. *Alcatel, USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 790 (5th Cir. 1999).

Hays County contends that the magistrate judge erred by awarding attorney's fees and costs to Stefanoff. We vacate the award and remand the issue of attorney's fees and costs for reconsideration by the district court.

"[A] plaintiff who wins nominal damages is a prevailing party under [42 U.S.C.] § 1988." *Farrar v. Hobby*, 506 U.S. 103, 112 (1992). The degree of success, however, is the most critical factor in determining the reasonableness of an attorney's fee award. *Id*. at 114. "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id*. at 115 (internal citation omitted). A plaintiff who obtains nominal damages may be entitled to attorney's fees if the goal of his lawsuit was achieved and the suit itself caused the defendant to remedy the complained-of conditions. *Pembroke v. Wood County, Texas*, 981 F.2d 225, 230 (5th Cir. 1993).

With the grant of injunctive relief invalidated, Stefanoff's award of attorney's fees and costs is based solely on his award of nominal damages. The district court should consider on remand whether attorney's fees and costs should be awarded in light of the invalidation of the grant of injunctive relief and, if so,

what the amount of those fees and costs should be.  We express no views on this issue in this opinion.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.