**James T. HENRISE, Plaintiff,**

**v.**

**John D. HORVATH, et al., Defendants.**

**No. Civ.A.3:97–CV–2472–L.**

United States District Court,
N.D. Texas,
Dallas Division.

April 30, 2001.

---

Douglas R. Larson, Law Office of Douglas R. Larson, Mesquite, TX, Russell Daniels, Logan & Lowry, Vinita, OK, for James T. Henrise.

Joe C. Tooley, Tooley & Voss, Dallas, TX, for John D. Horvath.

Joe C. Tooley, Tooley & Voss, Dallas, TX, Edwin P. Voss, Jr., Brown & Hofmeister, Dallas, TX, for Clarence V. Johns, Warren Box, Robin Flores.

James T. Jeffrey, Jr., Law Office of Jim Jeffrey, Arlington, TX, for City of Desoto.

## MEMORANDUM OPINION AND ORDER

LINDSAY, District Judge.

Before the court are the following motions:

1. Motion for Summary Judgment of Defendants Johns, Box, Horvath, and Flores, filed November 5, 1999;

2. Plaintiff's Rule 56(f) Motion for Continuance, filed December 9, 1999;

3. City of DeSoto's Motion and Supporting Brief to Dismiss the Plain-

tiff's Second Amended Complaint, filed May 30, 2000; and

4. Second Motion to Dismiss of Johns, Box, and Flores; First Motion to Dismiss of Horvath; and Alternative Motion to Strike, filed May 31, 2000.

The court, for the reasons stated herein, **grants** the Second Motion to Dismiss of Johns, Box, and Flores; **grants** the First Motion to Dismiss of Horvath; **denies** Defendants' Alternative Motion to Strike; **grants** the City of DeSoto's Motion to Dismiss the Plaintiff's Second Amended Complaint; **denies as moot** the Motion for Summary Judgment of Defendants Johns, Box, Horvath, and Flores; and **denies as moot** Plaintiff's Rule 56(f) Motion for Continuance.

### I. Procedural and Factual Background

Plaintiff James Henrise ("Plaintiff" or "Henrise") initiated this litigation against Defendants John Horvath, Clarence Johns, Warren Box, Robin Flores, and City of DeSoto (collectively "Defendants" unless otherwise indicated) on October 7, 1997, pursuant to 42 U.S.C. §§ 1983 and 1985. Henrise filed his First Amended Complaint on October 30, 1997. As a result of two court orders on April 21, 2000, Plaintiff filed on May 18, 2000, a Rule 7(a) Reply and his Second Amended Complaint ("Complaint").[1] Plaintiff contends that as a result of the acts and omissions of all Defendants, he has been retaliated against in violation of the First and Fourteenth Amendments to the United States Constitution.[2] In response to Plaintiff's Second Amended Complaint, Defendants Johns, Box, and Flores filed a second motion to dismiss; Defendant Horvath filed a motion to dismiss; and Defendant City of DeSoto filed a second motion to dismiss.[3]

The court now sets forth the operative facts of Plaintiff's Complaint upon which it relies in ruling on Defendants' motions to dismiss. *See* Compl. at 2–6. The facts are accepted as true for the purpose of ruling on the pending motions to dismiss. Arguments and conclusory allegations unsupported by specific factual assertions are not included in the recitation.

Plaintiff was hired as a police officer by the City of DeSoto on January 14, 1985. He was promoted to the rank of sergeant in the latter part of 1989. Thereafter, Henrise gained training and experience

---

1. The individual Defendants correctly note that the court's orders on April 21, 2000, directed Plaintiff to amend his Complaint as to the City of DeSoto and file a Rule 7(a) reply with respect to the individual Defendants. In light of these orders, Defendants alternatively move to strike Plaintiff's Second Amended Complaint because it was filed without leave. While Defendants are technically correct, the court finds that a plaintiff will often amend his pleadings in lieu of filing a Rule 7(a) reply, which the court finds acceptable. In this case, Plaintiff filed an abbreviated reply. The court sees no benefit to striking a document which also serves the purpose of a Rule 7(a) reply. Plaintiff has incorporated his Second Amended Complaint into his abbreviated Rule 7(a) reply. Accordingly, the motion to strike is denied, and the court's analysis is based on the allegations set forth in Plaintiff's Second Amended Complaint.

2. Plaintiff's First Amendment claim is one asserting the violation of the right to freedom of association. Henrise has not pleaded anywhere in the Complaint that he was retaliated against because he spoke out on matters of public concern. The clear and unequivocal allegations of the Complaint are that certain actions of Defendants violated his right to freedom of association. For this reason, the court has not analyzed Henrise's First Amendment claim as one pertaining to protected speech and considers no arguments advanced by the parties regarding such speech.

3. Henrise sues the City of DeSoto only under 42 U.S.C. § 1983, but sues the individual Defendants under §§ 1983 and 1985(2). *See* Compl. ¶¶ 39–41.

and served for substantial periods of time in both the Criminal Investigations Division ("CID") as well as the Special Investigation Unit ("SIU"). Henrise received the "Top Cop" award by the DeSoto Citizens Police Academy Alumni.

Henrise holds a Master Peace Officer Certification from the Texas Commission on Law Enforcement Officer Standards and Education, and retains departmental seniority in the rank of sergeant. While working in SIU, Henrise was under the command of Lieutenant P. Paul Pothen ("Pothen"). SIU undertook investigations into public corruption, vice, narcotics, and organized crime.

In August 1994, Defendant Horvath was confirmed as Chief of Police of the City of DeSoto. Because of their work in SIU during the early part of 1995, Henrise and Pothen formed the good faith belief that Horvath was involved in serious misconduct which had criminal implications. This included, but was not limited to, the release of confidential police murder investigation files to a civilian investigator, the removal of and failure to return material physical evidence related to a murder investigation, and the acceptance of both public and private funds to finance a family vacation to Europe under alleged "police business." In addition, the SIU uncovered what appeared to it to be significant public corruption, including bribery, surrounding high ranking DeSoto public officials and their cohorts.

In April 1995, Horvath, who was Chief of Police of the City of DeSoto, had a private meeting with Henrise. During the meeting, Chief Horvath demanded that Henrise provide him any information that he (Henrise) had which was adverse to Pothen, and to observe Pothen and report back any matters which were negative against Pothen. Henrise refused Horvath's demand.

Henrise and Pothen made known their allegations regarding Horvath by directly notifying DeSoto City Manager Ron Holifield ("Holifield"), in detail, of the various acts of misconduct in which Police Chief Horvath had engaged. Holifield, as DeSoto's City Manager, failed to act upon the complaints made by Pothen and Henrise. In addition, at or around the same time period, City employee Linda Bertoni filed a 19-page sworn statement against Police Chief Horvath with the City Manager, City Mayor, and City Council members that detailed Horvath's misconduct. This notification to the City did not result in any investigative action, or any action whatsoever, being taken by the City into the actions of Horvath.

The end result of Pothen's and Henrise's complaints was that both officers were placed on administrative leave by Horvath. Both officers were charged with a complaint regarding a search conducted by SIU. On the advice of counsel, Plaintiff agreed to accept a one-day suspension to resolve the matter, and then return to DeSoto with the same rank and seniority. Plaintiff maintains that he committed no error during the search at issue, and only accepted the suspension so he could return to police work. Pothen was terminated and pursued his appellate remedies under state civil service laws, and later sought other remedies in federal court. During this time period, Henrise maintained a strong association with Pothen, both as a fellow officer and close personal police friend. Police officers rely on each other not only for emotional and physical support on and off duty, but also routinely rely on each other in life-threatening situations.

After his termination, Pothen placed the City and the individual Defendants on notice that he would challenge his termination. The individual Defendants were

all aware that Henrise maintained a close personal relationship with Pothen and would testify favorably on Pothen's behalf, and that Henrise's testimony would be adverse to the City and Horvath.

Henrise returned to work on October 4, 1995, and reported to Defendant Box. Although Plaintiff's status was for regular duty, Box assigned Henrise to tasks such as enforcing handicap parking, being municipal court bailiff, filing citations, and moving boxes. Henrise was a highly trained investigator and had seniority in his position. Plaintiff describes the tasks that he performed as "menial."

Plaintiff contends that this assignment of tasks was the first in a series of retaliatory and harassing events against him. Henrise alleges that these acts were done in an effort to punish him for his association with Pothen, to intimidate him into not testifying on Pothen's behalf in a federal lawsuit, and to retaliate against him for continuing to associate with Pothen and providing truthful testimony on Pothen's behalf in a federal forum. The court finds it unnecessary to enumerate the other alleged retaliatory and harassing events, as they are not necessary for its analysis.

## II. *Appropriate Legal Standards*

### A. Motion to Dismiss—12(b)(6) Failure to State a Claim

A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir.1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Blackburn v. City of*

*Marshall,* 42 F.3d 925, 931 (5th Cir.1995). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.; Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir.1999), *cert. denied,* 530 U.S. 1229, 120 S.Ct. 2659, 147 L.Ed.2d 274 (2000). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey,* 117 F.3d at 247. A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of La-Place,* 954 F.2d 278, 281 (5th Cir.1992).

### B. Qualified Immunity

Government officials who perform discretionary functions are entitled to the defense of qualified immunity, which shields them from suit as well as liability for civil damages, if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). A defendant official must affirmatively plead the defense of qualified immunity. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). Defendants Box, Johns, Flores, and Horvath have pleaded this defense.

In deciding a motion for summary judgment that raises the defense of qualified immunity, the court must *first* decide "whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established

at the time of the alleged violation." *Conn v. Gabbert*, 526 U.S. 286, 290, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999), citing *Siegert v. Gilley*, 500 U.S. 226, 232–33, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *see also Kerr v. Lyford*, 171 F.3d 330, 339 (5th Cir.1999). The second prong of the test requires the court to make two separate inquiries: whether the right allegedly violated was clearly established at the time of the event giving rise to the plaintiff's claim, and if so, whether the conduct of the defendant was objectively unreasonable. *Evans v. Ball*, 168 F.3d 856, 860 (5th Cir. 1999). Although many cases continue to state that the determination of the qualified immunity issue requires the application of a bifurcated test, the analytical framework for resolving issues of qualified immunity necessarily requires, or may require, a *three-step* analysis. *See Kerr v. Lyford*, 171 F.3d at 339; *Evans v. Ball*, 168 F.3d at 860; *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir.1998); *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir.1995), *cert. denied*, 517 U.S. 1191, 116 S.Ct. 1680, 134 L.Ed.2d 782 (1996).

█ Whether a defendant acted within the scope of his authority performing a discretionary function and whether a reasonable official in his position would have deemed his conduct unconstitutional are not to be considered by the court unless each part of the three-step inquiry has been answered affirmatively on behalf of the plaintiff. *Kerr v. Lyford*, 171 F.3d at 339. In other words, only after a plaintiff demonstrates the existence and violation of a clearly established constitutional or statutory right is the defendant required to show that he was performing a discretionary function and that a reasonable official would not have considered his actions to be unconstitutional at the time of the incident in question. *Id.* at 338.

█ A right is "clearly established" only when its contours are sufficiently clear that a reasonable public official would have realized or understood that his conduct violated the right in issue, not merely that the conduct was otherwise improper. *See Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *Foster v. City of Lake Jackson*, 28 F.3d 425, 429 (5th Cir.1994). Thus, the right must not only be clearly established in an abstract sense but in a more particularized sense so that it is apparent to the official that his actions [what he is doing] are unlawful in light of pre-existing law. *Anderson v. Creighton*, 483 U.S. at 640, 107 S.Ct. 3034; *Stefanoff v. Hays County*, 154 F.3d 523, 525 (5th Cir.1998); and *Pierce v. Smith*, 117 F.3d 866, 871 (5th Cir.1997).

In *Anderson v. Creighton*, 483 U.S. at 641, 107 S.Ct. 3034, the Supreme Court refined the qualified immunity standard and held that the relevant question is whether a reasonable officer or public official *could have believed* that his conduct was lawful in light of clearly established law and the information possessed by him. If public officials or officers of "reasonable competence could disagree [on whether an action is legal], immunity should be recognized." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986); *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir.1995) (*citing Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir.1994)). Conversely, an official's conduct is not protected by qualified immunity if, in light of clearly established pre-existing law, it was apparent the conduct, when undertaken, would be a violation of the right at issue. *Foster v. City of Lake Jackson*, 28 F.3d at 429. To preclude qualified immunity, it is not necessary for a plaintiff to establish that "the [specific] action in question has previously been held unlawful." *Anderson v. Creigh-*

*ton,* 483 U.S. at 640, 107 S.Ct. 3034. For an official, however, to surrender qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." *Pierce v. Smith,* 117 F.3d at 882; *Stefanoff v. Hays County,* 154 F.3d at 525.

## III. *Analysis*

### A. Motion to Dismiss of Defendants Box, Johns, Flores, and Horvath

#### 1. Failure to State a Claim upon which Relief can be Granted

The first inquiry by the court in any action filed pursuant to 42 U.S.C. § 1983 is whether a plaintiff has suffered the deprivation of a right "secured by the Constitution and laws [of the United States]." *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). In this action, Henrise contends that Defendants retaliated against him because of his close association with Pothen and therefore violated his First Amendment right of freedom of association. Defendants Box, Johns, Flores, and Horvath contend that Henrise has not alleged a constitutionally protected right and therefore has failed to state a claim upon which relief can be granted with respect to his freedom of association claim.[4]

With respect to the right of free association as secured by the First Amendment, the United States Supreme Court, in recognizing such a right in two specific contexts, stated:

Our decisions have referred to constitutionally protected 'freedom of association' in two distinct senses. In one line of decisions, the Court has concluded that choices to enter into and maintain certain intimate human relationships must be secured against undue intrusion by the State because of the role of such relationships in safeguarding the individual freedom that is central to our constitutional scheme. In this respect, freedom of association receives protection as a fundamental element of personal liberty. In another set of decisions, the Court has recognized a right to associate for the purpose of engaging in those activities protected by the First Amendment—speech, assembly, petition for the redress of grievances, and the exercise of religion. The Constitution guarantees freedom of association of this kind as an indispensable means of preserving other individual liberties.

*Roberts v. United States Jaycees,* 468 U.S. 609, 617–18, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984). The first category is epitomized by "highly personal relationships" such as marriage and family, and the personal affiliations that necessarily "attend the creation and sustenance of these highly personal relationships." *Id.* at 618–20, 104 S.Ct. 3244; *Hobbs v. Hawkins,* 968 F.2d 471, 482 (5th Cir.1992). The second category recognizes "associational rights derivative of the First Amendment rights of speech, assembly, petition for redress of grievances, and exercise of religion." *Hobbs v. Hawkins,* 968 F.2d at 482.

The court has closely examined Plaintiff's Complaint, and Henrise in describing his relationship with Pothen speaks exclusively in terms of "a strong association

---

4. To avoid duplicating arguments and unduly burdening the record, Plaintiff and the individual Defendants have referred the court to and incorporated arguments advanced in other pleadings. The court, in performing its analysis and reaching its conclusions, has considered all such referenced and incorporated pleadings by these parties.

with Pothen, both as a fellow officer and close personal police friend"; "[p]olice officers who work together in close contact [and] enjoy intimate human bonds and personal relationships"; his "close personal relationship with Pothen"; his "close personal association with Pothen . . . ."; and his "close personal friendship and association with Pothen." Compl. ¶¶ 16–18, 23, 34. Nowhere in Plaintiff's Complaint does he allege that he joined with or associated himself with Pothen for the express purpose of speaking out on mismanagement, corruption or illegal activity that may have been occurring in the DeSoto Police Department. Moreover, Plaintiff does allege that he was ordered not to speak out publicly on these matters or complain to appropriate officials. Plaintiff's claim is based not on his desire to exercise any right secured by the First Amendment but on his personal friendship with Pothen—nothing more. Henrise's personal affinity with Pothen bears no relationship to the expression of beliefs protected by the First Amendment, and to give such personal affinity constitutional protection would be wholly repugnant to the teachings of *Roberts*. Since Plaintiff's claim is not derivative of the rights of free speech, assembly, petition for redress of grievances or exercise of religion, it receives no constitutional protection from the second category of the right to freedom of association. The question now is whether Plaintiff's claim falls within the first category recognized by the Supreme Court.

Henrise has diligently and repeatedly sought to characterize his claim in such a manner that one might initially believe that it falls in the first category recognized by the Supreme Court. The court, however, is unaware of any authority which has recognized a close friendship, without more, as the highly personal or intimate human relationship that is protected by the United States Constitution.[5] Indeed, at least one court in this circuit has held that "[f]riendships . . . generally do not form the type of 'intimate associations' which are protected by the Constitution." *Reno v. Metropolitan Transit Auth.*, 977 F.Supp. 812, 825 (S.D.Tex.1997)(citing *Roberts v. United States Jaycees*, 468 U.S. 609, 620, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984)). The court sees no basis to hold that the relationship between Pothen and Henrise should be accorded constitutional protection under the first category of freedom of association. Doing so would be wholly inconsistent with the precedent established in *Roberts*.

For the reason stated, Henrise has not alleged the violation of a constitutionally protected right. His claim does not fall within either of the categories of freedom of association recognized by the Supreme Court. Since Henrise's claim as pleaded is not one recognized by the United States Constitution, he cannot prove any set of facts in support of his claim that would entitle him to relief. Accordingly, he has failed to state a claim upon which relief can be granted, and Defendants Box, Flores, Horvath, and Johns are entitled to dismissal of this claim.

The court has concluded that the facts alleged in the Complaint are insufficient to support a § 1983 claim by Henrise. Under some circumstances, the court will al-

---

5. Henrise cites *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439 (5th Cir.1999), as support for his claim of freedom of association. Reliance on this case does not carry the day for Henrise and is of no assistance to him. In *Anderson*, the court makes only two references to a claim for freedom of associa-

tion, *Id.* at 441, 444; however, one cannot determine the nature of the facts pled by Anderson. The Fifth Circuit concluded that Anderson had pleaded facts to state such a claim. In this case, however, Henrise has not pleaded facts sufficient to state a claim under either category of freedom of association.

low a plaintiff to replead a deficient complaint. In this case, however, allegations offered by Henrise indicate that he has already come forward with his best case. *See Jacquez v. Procunier,* 801 F.2d 789, 792–93 (5th Cir.1986)("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit."); *Morrison v. City of Baton Rouge,* 761 F.2d 242, 246 (5th Cir. 1985)("We can assume, therefore, that the specific allegations of the amended complaint constitute the plaintiffs' best case...."). Henrise has amended his Complaint twice, and the court assumes that after three bites at the apple, he has pleaded his best case. Indeed, Henrise contends that the allegations in his Complaint are not only sufficient to state causes of action but also sufficient to engage the defense of qualified immunity asserted by the individual Defendants. *See* Plaintiff's Rule 7(a) Reply at 3. The court therefore concludes that further attempts to amend the complaint would be futile.

## 2. Qualified Immunity of Defendants Johns, Box, Flores and Horvath

The court has concluded that no constitutional violation has been alleged or exists insofar as Plaintiff's freedom of association claim. Based on the standard for qualified immunity as earlier set forth by the court, and the facts pleaded by Plaintiff, he has failed to allege the violation of an actual constitutional right at all. The court finds that Henrise failed to allege the violation of any constitutionally protected interest regarding his freedom of association claim, much less the violation of a *clearly* established constitutional right. Alternatively, the court holds that Defendants Box, Johns, Flores, and Horvath are entitled to qualified immunity with respect to Plain-tiff's freedom of association claim. Even if one were to say that such a constitutional right has been alleged, it is beyond cavil that such right, if it exists as pleaded by Plaintiff, was not clearly established in 1995 and 1996, the times of the allegedly unconstitutional conduct by these Defendants. Dismissal of this claim is therefore appropriate on these grounds.

## 3. Plaintiff's Claim Under 42 U.S.C. § 1985(a)

Henrise contends that Defendants conspired to prevent or intimidate him from testifying on behalf of Pothen in an action Pothen had pending in the Northern District of Texas. That action has since been resolved by the parties. The individual Defendants contend that the allegations of a conspiracy against them are conclusory. The court agrees.

A person who seeks to assert claims under 42 U.S.C. § 1985 must plead operative facts upon which his claim is based. *Holdiness v. Stroud,* 808 F.2d 417, 424 (5th Cir.1987). Conclusory and bald allegations are simply inadequate. *Id.* The court is aware that Plaintiff contends that Defendants engaged in a conspiracy to prevent or intimidate him from providing testimony favorable to Pothen and adverse to the City of DeSoto; however, the court does not understand the basis of this conclusory allegation because Henrise has not pleaded specific facts supporting a conspiracy. He has not stated what each individual Defendant did to promote or further the alleged conspiracy. As the essence of a conspiracy is an agreement or meeting of the minds of the participants, no facts are alleged that an agreement existed or which state the nature of each individual Defendant's acts. A hodgepodge of unrelated acts does not a conspiracy make, which is all Plaintiff sets forth. Other than Plaintiff's conclusions, there are no specific

facts which would indicate that Defendants conspired to prevent or intimidate Henrise from testifying on behalf of Pothen. Plaintiff does not even suggest that he was encouraged or told not to testify on Pothen's behalf by any of the individual Defendants. No facts are set forth as to how the goals of the conspiracy were to be accomplished or which acts were done in furtherance of the conspiracy. The conclusory allegations set forth in Plaintiff's Complaint are simply too slender of a reed to support a claim under § 1985(2). Henrise has not stated a claim upon which relief can be granted. Alternatively, he has simply failed to allege facts with the requisite specificity that would establish the existence of a *clearly* established statutory right under § 1985(2). Accordingly, Defendants Box, Johns, Flores, and Horvath are entitled to dismissal of this claim.

### B. Defendant City of DeSoto's Motion to Dismiss Plaintiff's Second Amended Complaint

#### 1. Pleading Requirements for Municipal Liability under 42 U.S.C. § 1983

The City of DeSoto contends that Henrise has not adequately pleaded the existence of a policy or custom under Fifth Circuit precedent. Plaintiff contends that he has met the requirements of Fed. R.Civ.P. 8(a) and that his Complaint adequately states a claim for municipal liability. The court disagrees.

To resolve the issue presented by this motion, the court first cites the relevant authority under which a local government can be held liable pursuant to 42 U.S.C. § 1983. A governmental entity can be sued and subjected to monetary damages and injunctive relief under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Board of the County*

*Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *Monell v. New York City Dept. of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A governmental entity cannot be liable for civil rights violations under a theory of respondeat superior or vicarious liability. *Id. See also Baskin v. Parker,* 602 F.2d 1205, 1208 (5th Cir.1979).

In light of Rule 8 and *Leatherman v. Tarrant County Intelligence & Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), Plaintiff states that DeSoto is entitled only to "a short and plain statement" of his claim. The "short and plain statement" must contain facts "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman,* 507 U.S. at 168, 113 S.Ct. 1160 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Requiring a plaintiff to identify the specific policy or custom and allege that the policy or custom adopted by the municipality or policymaking official was the "moving force" behind the constitutional violation is in no way inconsistent with notice pleading or the mandate of *Leatherman.* Such requirement actually complements Rule 8 in that it puts a defendant on notice of the grounds on which a plaintiff's claim rests. In other words, the allegations of a complaint must not be conclusory; otherwise, a defendant is not placed on notice of the grounds for the claim. Conclusory allegations cannot survive a motion to dismiss. *See Guidry,* 954 F.2d at 281.

The court believes that language from two Fifth Circuit cases decided after *Leatherman* are illustrative and controlling: *Spiller v. City of Texas City, Police Dept.,* 130 F.3d 162 (5th Cir.1997), and *Meadowbriar Home for Children, Inc. v.*

*Gunn*, 81 F.3d 521 (5th Cir.1996). In *Spiller*, the court stated:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom 'was a cause in fact of the deprivation of rights inflicted.' *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). To satisfy the cause in fact requirement, a plaintiff must allege that 'the custom or policy served as the moving force behind the [constitutional] violation' at issue, *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir.1996), or that her injuries resulted from the execution of the official policy or custom, *Fraire v. Arlington*, 957 F.2d 1268, 1277 (5th Cir.1992). The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

*Spiller*, 130 F.3d at 167. Embodying this same principle and requirement with respect to pleading a cause of action regarding municipal policy or custom, but stated somewhat differently, the court in *Meadowbriar* stated:

> To support a claim based upon the existence of an official custom or policy, the Plaintiff must plead facts which show that: 1) a policy or custom existed; 2) the governmental policy makers actually or constructively knew of its existence; 3) a constitutional violation occurred; and 4) the custom or policy served as the moving force behind the violation. *Meadowbriar*, 81 F.3d at 532–33 (citation omitted).

■ The court has reviewed Plaintiff's Complaint in detail and finds that little, if anything, of substance has been added to it that is different from Plaintiff's First Amended Complaint. The Complaint is still lacking in that it does not contain basic and fundamental allegations to put DeSoto on notice as to the bases for its claims regarding municipal policy or custom. The new allegations are conclusory.

Plaintiff's Complaint does not meet the basic requirements for pleading municipal liability under Section 1983 as set forth in *Spiller* and *Meadowbriar*. Plaintiff refers the court to Fed.R.Civ.P. 84 and the Appendix of Forms, which he contends are examples of "how short and plain a statement" can be to satisfy the pleading requirements of Rule 8(a). The Fifth Circuit was aware of this provision of Rule 8(a) when *Spiller* and *Meadowbriar* were issued, and Plaintiff's pleadings comply with neither case. The court concludes that the allegations in Plaintiff's Complaint are conclusory, including the reference to Defendant Horvath as a policymaker, and as such fail to state a claim upon which relief can be granted.[6]

### 2. No Underlying Constitutional Violation

The court has held that Plaintiff has failed to state a claim upon which relief can be granted with respect to the individ-

---

**6.** In responding to the adequacy of the policy allegations of the Complaint, Henrise states that they are made without the "benefit of even rudimentary discovery." Pl.'s Resp. to Def. City of DeSoto's Motion to Dismiss at 5. Plaintiff strongly intimates that he could plead more specifically in this regard if he were allowed some basic discovery. The court finds this argument unavailing. Litigants engage in prefiling discovery and certainly ample means existed for Plaintiff, prior to the filing of his Complaint, to obtain information regarding the official and *de facto* structure and set up of the City of DeSoto's municipal government.

ual Defendants. Since Henrise has failed to state a constitutional claim upon which relief can be granted, he has suffered no constitutional injury. Accordingly, even if Plaintiff were to adequately set forth an unconstitutional policy, his claim fails as a matter of law because the court has found that there is no underlying constitutional violation. When there is no underlying constitutional violation, the policy becomes irrelevant and is "quite beside the point." *Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986); *see also Saenz v. Heldenfels Bros., Inc.,* 183 F.3d 389, 392–3 (5th Cir.1999). If a person suffers no constitutional injury at the hands of the municipal officers, the alleged unconstitutional policy could not have been the cause of the harm to that person. For this additional reason, the City of DeSoto is entitled to dismissal of Plaintiff's First Amendment claim.

## IV. *Miscellaneous Matters*

Before the court is the Motion for Summary Judgment of Defendants Johns, Box, Henrise, and Flores, filed November 5, 1999. As the court has disposed of all claims against the individual Defendants by granting the Second Motion to Dismiss of Defendants John, Box, and Flores, and the First Motion to Dismiss of Defendant Horvath, it need not rule on Defendants' summary judgment motion, and it is hereby **denied as moot.**

Also before the court is Plaintiff's Rule 56(f) Motion for Continuance, filed December 9, 1999. Plaintiff sought an extension and requested discovery to fully oppose Defendants' summary judgment motion. Since the court denied as moot the summary judgment motion, the motion for continuance is also moot, and is hereby **denied.**

Finally, there is the matter of the counterclaim of Defendants Box, Johns, and Flores, filed October 26, 1998. These Defendants contend that Plaintiff's Complaint is "frivolous, groundless, and brought solely for purposes of harassment." Defendants seek attorneys' fees and all costs incurred in defense of this action. The court has reviewed the pleadings in this action and determines that this action is not frivolous, groundless, totally without merit, or brought solely for purposes of harassment. The court denies the counterclaim for attorneys' fees, but will allow costs pursuant to Fed.R.Civ.P. 54(d)(1).

## V. *Conclusion*

The court, for the reasons stated herein, **grants** the Second Motion to Dismiss of Johns, Box, and Flores; **grants** the First Motion to Dismiss of Horvath; **denies** Defendants' Alternative Motion to Strike; **grants** the City of DeSoto's Motion to Dismiss the Plaintiff's Second Amended Complaint; **denies as moot** the Motion for Summary Judgment of Defendants Johns, Box, Horvath, and Flores; and **denies as moot** Plaintiff's Rule 56(f) Motion for Continuance. This action is hereby **dismissed with prejudice** against Defendants City of DeSoto, Box, Johns, Flores, and Horvath. Judgment will be issued by separate document pursuant to Fed.R.Civ.P. 58. All allowable costs will be taxed against Plaintiff Henrise.