United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-11323
Summary Calendar

———————————————

KENNETH LEON CRAFT,

Plaintiff-Appellant,

versus

MARY ANN K. LAMB,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CV-219
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges

PER CURIAM:[*]

Kenneth Leon Craft, Texas prisoner # 781171, has appealed the district court's judgment dismissing his civil rights complaint as frivolous and for failure to state a claim upon which relief may be granted. Craft contends that the defendant prison librarian violated his right of access to the courts by refusing, pursuant to prison policy, to apply postage to and mail a letter. Although the refusal to assist an inmate in Craft's situation arguably could result in an unconstitutional denial of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

access to the courts, see Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999), Craft's position as a litigant was not compromised by any delay attributable to the defendant. See Lewis v. Casey, 518 U.S. 343, 350-52 (1996). Craft's failure to comply with the Supreme Court's filing requirements resulted from his own inattentiveness.

Craft contends that his right to equal protection was violated because the defendant acted arbitrarily and pursuant to a prison policy that does not have a rational basis or a legitimate governmental objective. He complains that indigent and non-indigent prisoners on lock-down status were treated disparately because indigent prisoners could have their legal mail posted under the policy but that non-indigent prisoners could not have their mail posted. See Stefanoff v. Hays County, Tex., 154 F.3d 523, 525-26 (5th Cir. 1998) (equal protection standard). Grievance records filed by Craft in support of his complaint reflect that non-indigent prisoners in Craft's situation "shall be allowed correspondence and legal supplies through the indigent program." In other words, non-indigent prisoners are treated the same as indigent prisoners, not disparately.

Craft contends that his First Amendment right to freedom of speech was violated by the administrative policy. This argument is foreclosed by Daigre v. Maggio, 719 F.2d 1310, 1312-13 (5th Cir. 1983).

Accordingly, the district court's judgment dismissing the complaint is

AFFIRMED.