**Delmar Earl SHELBY,**
**Plaintiff–Appellant**

v.

**Andrea DUPREE, Lieutenant;**
**James Holman; Sharon Page,**
**Defendants–Appellees.**

**No. 13–60748**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 26, 2014.

Delmar Earl Shelby, Leakesville, MS, pro se.

Keith Lerone Gates, Esq., Special Assistant U.S. Attorney, Office of the Attorney General, Jackson, MS, for Defendants–Appellees.

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM: *

Delmar Earl Shelby, Mississippi prisoner # 13089, appeals from the grant of the defendants' motion for summary judgment in his civil rights case. Shelby sued three prison officials, raising claims that they violated his constitutional rights by refusing to issue him a spare pair of pants and forcing him to make do with a single pair for approximately six weeks. We review a grant of summary judgment de novo. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir.2011). Summary judgment is proper if the evidence shows that there is no genuine dispute as to a material fact. *Id.;* FED.R.CIV.P. 56(a).

As a preliminary matter, Shelby contends that the defendants violated Articles Two, Three, and Five of the United Nations Declaration on Human Rights. However, Shelby did not raise these claims in the district court, and so we do not address them. *See Williams v. Ballard,* 466 F.3d 330, 335 (5th Cir.2006).

Shelby contends that he was denied equal protection because the officials refused to issue him a second pair of pants based on his sexual orientation. He asserts that homosexual inmates were issued clothing when they asked for it whereas Shelby, who is heterosexual, was not. To prove an equal protection claim, Shelby must first show that the defendants treated two or more groups of similarly situated prisoners differently. *Stefanoff v. Hays Cnty., Tex.,* 154 F.3d 523, 526 (5th

Cir.1998). Because sexual orientation is not a suspect classification, *see Johnson v. Johnson,* 385 F.3d 503, 532 (5th Cir.2004), Shelby must also establish that the officials' decision to treat inmates with different sexual orientations differently "had no rational relation to any legitimate governmental objective." *Stefanoff,* 154 F.3d at 526.

The only evidence that Shelby came forward with to support his claims were the statements in his verified complaint. *See Hart v. Hairston,* 343 F.3d 762, 765 (5th Cir.2003). That complaint, however, contained only vague allegations that an official refused to issue him the pants he requested, issued clothing to homosexual inmates on request, and told him, "I don't mess with you." These vague, unsubstantiated assertions do not amount to more than a "mere scintilla" of evidence that Shelby was treated differently from other similarly situated inmates. *See Duffie v. United States,* 600 F.3d 362, 371 (5th Cir. 2010); *see also Sossamon v. Lone Star State of Tex.,* 560 F.3d 316, 336 (5th Cir. 2009) (explaining that the defendants were entitled to summary judgment where the plaintiff relied only on "bald, unsupported, conclusional allegations that defendants purposefully discriminated against him" (internal quotation marks and citation omitted)).

Shelby also asserts that he was subjected to cruel and unusual punishment when he was compelled to remain in his bed and miss several meals while his sole pair of pants was being laundered. The Eighth Amendment prohibits cruel and unusual punishment and requires, among other things, that prison officials ensure that conditions of confinement are humane and

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that inmates receive adequate food and clothing. *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). To establish that prison conditions violate the Eighth Amendment, a plaintiff must show a sufficiently serious deprivation and that prison officials acted with deliberate indifference to his health or safety. *Herman v. Holiday,* 238 F.3d 660, 664 (5th Cir.2001).

Shelby came forward with no evidence that he suffered a sufficiently serious deprivation. Although the denial of clothing can amount to a constitutional violation, *see Farmer,* 511 U.S. at 832, 114 S.Ct. 1970; *Palmer v. Johnson,* 193 F.3d 346, 352–53 (5th Cir.1999) (explaining that forcing a prisoner to sleep outside during "strong winds and cold without the protection afforded by jackets or blankets" could amount to a constitutional violation), Shelby has not shown that being compelled to remain in bed while his pair of pants were being laundered denied him the "minimal civilized measure of life's necessities." *Id.* at 352 (internal quotation marks and citation omitted).

Shelby also complains that he missed 16 to 20 meals from July 6, 2011, until August 30, 2011, when he was issued a spare pair of pants. Prisons must provide inmates with well-balanced meals containing sufficient nutritional value to preserve their health. *Berry v. Brady,* 192 F.3d 504, 507 (5th Cir.1999). However, the denial of approximately three meals per week for approximately six weeks is not sufficiently severe in amount or duration so as to deny Shelby the minimal civilized measure of life's necessities, especially because Shelby did not suffer any adverse physical consequences from missing the meals. *See Talib v. Gilley,* 138 F.3d 211, 214 n. 3 (5th Cir.1998) (expressing doubt that a prisoner who missed 50 meals in five months, or one out of every nine meals, and lost 15 pounds

established a constitutional violation); *see also Berry,* 192 F.3d at 506–08 (holding that the denial of eight meals over a seven month period during which the plaintiff experienced only hunger pangs but no other discomfort or injury did not rise to level of a serious deprivation).

AFFIRMED.